**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Liling Guan, individually and on behalf of all other employees similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　vs.<br><br>Lash Princess 56 Inc. d/b/a Lash Princess 56 d/b/a Lash Princess, Oscar Lin, and Qinyu Liu a/k/a Ula Liu,<br><br>　　　　　　　Defendants. | Civil Action No.:<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Liling Guan, by and through her attorneys, HANG & ASSOCIATES, PLLC, as and for cause of action against the Defendants Lash Princess 56 Inc. d/b/a Lash Princess 56 d/b/a Lash Princess, Oscar Lin, and Qinyu Liu a/k/a Ula Liu, alleges upon information and belief as follows:

**INTRODUCTION**

1. This action is brought by Plaintiff, on behalf of herself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 et seq., and of New York Labor Law §§190 et seq. ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein, compensation for all hours worked, and overtime compensation for all hours worked over forty (40) each workweek and spread of

1

hours, as well as failing to provide their employees, including Plaintiff, with wage notice at the time of hiring and wage statements.

3. Plaintiff allege pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs;

4. Plaintiff further allege pursuant to NYLL §190 et seq. and Title 12 of New York Codes, Rules and Regulations Part 146 ("NYCRR") that she is entitled to recover from the Defendant: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unpaid spread of hours compensation, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (5) liquidated damages equal to the sum of unpaid overtime; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff Liling Guan (hereinafter "Plaintiff") is an individual who resides in Queens County, New York.

8. From on or around April 29th, 2021, to on or around September 10th, 2021, Plaintiff was employed as a lash technician at Defendants' company located at 162 W 56th St., FL #201, New York, NY 10019. Plaintiff primarily did lash extensions for customers.

## DEFENDANTS

*Corporate Defendant*

9. Defendant Lash Princess 56 Inc. d/b/a Lash Princess 56 d/b/a Lash Princess (hereinafter "Lash Princess") is a domestic business corporation incorporated under the laws of New York and has its business offices at 1) 162 W 56th St., FL #201, New York, NY 10019, and 2) 3620 Union Street, #2R, Flushing, NY 11354. Defendant is engaged in the lash extension business and operates stores in the State of New York.

10. Upon information and belief, Lash Princess has about 4 to 7 employees.

11. Upon information and belief, Lash Princess is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12. Upon information and belief, Lash Princess purchased and handled goods moved in interstate commerce.

13. At all times relevant times, Lash Princess was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

*Owner/ Operator Defendants*

14. Upon information and belief, Defendant "Oscar" Lin (first name presently unknown) (hereinafter "Defendant Oscar Lin") is/or at all relevant times were a founder, officer, director, president, principle, vice president, and/or owner of Defendant Lash Princess.

15. Upon information and belief, Defendant Qinyu Liu a/k/a Ula Liu (hereinafter "Defendant Qinyu Liu) is/or at all relevant times were a founder, officer, director, president, principle, vice

president, and/or owner of Defendant Lash Princess.

16. Defendant Oscar Lin acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Lash Princess.

17. Defendant Qinyu Liu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Lash Princess.

18. Upon information and belief, Oscar Lin maintained employee records.

19. Upon information and belief, Qinyu Liu determined the wages and compensation of the employees of Defendants, including Plaintiff, maintained employee records, and had the authority to hire and fire employees.

20. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than 10 Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of

whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

22. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

23. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

24. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

25. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

26. a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

27. b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

28. c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

29. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

30. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

31. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

32. Defendants knew that the nonpayment of overtime compensation, failure to timely pay Plaintiff not later than seven days after the end of the week in which the wages were eared, failure to provide the required wage notice at the time of hiring, and failure to provide the required wage statement with every payment of wages, would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

33. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees' overtime.

34. From on or around April 29, 2021, to on or around September 10, 2021, Plaintiff Guan was employed as a lash technician in Defendants' company located at Defendants' both store at 162 W 56th St., FL #201, New York, NY 10019. Plaintiff Guan's job duty was to do lash

extensions for customers.

### I.      From approximately April 29, 2021, to approximately May 31, 2021

35.    From approximately April 29, 2021, to approximately May 31, 2021, Plaintiff Guan worked five days a week with either Monday and Tuesday off or Tuesday and Wednesday off. She would work from 10:30 am to 8:00 pm, or if busy, she would work until 8:30 pm or 8:40 pm, without uninterrupted lunch break. She would work approximately forty-seven-and-half (47.5) hours to fifty (50) hours per week.

### II.      From approximately June 1, 2021, to approximately September 10, 2021

36. From approximately June 1, 2021, to approximately September 10, 2021, Plaintiff Guan worked six days a week with Sunday off. She would work from 10:30 am to 8:00 pm, or if busy, to 8:30 pm or 8:40 pm, without uninterrupted lunch break. She would work approximately fifty-seven (57) hours to sixty (60) hours per week.

37. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff bi-weekly in cash.

38. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff wages, consisting of a flat daily base salary and commissions, which is 10% of service fees paid by returning customers who appoint Plaintiff to provide service.

39. Regarding Plaintiff's base salary, from approximately April 29, 2021, to approximately May 31, 2021, Defendants did not pay Plaintiff any base salary; from approximately June 1, 2021, to approximately July 31, 2021, Plaintiff's base salary was $50 per day; from approximately August 1, 2021, to approximately September 10, 2021, Plaintiff's base salary was increased to $80 per day.

40. Regarding Plaintiff's commissions, for the first two months of Plaintiff's employment,

Plaintiff did not receive any commissions; Staring from the end of June 2021 to the end of Plaintiff's employment, Defendants paid Plaintiff Commissions of around $10-$20 per day.

41. Further, throughout Guan's employment with Defendants, Guan also received tips from her customers. However, Defendants have never notified Plaintiff in written or orally of taking her tip credit into her wages paid by Defendants.

42. To date, Defendants still owe Plaintiff's base salary in September 2021, totaling of $640. Defendants excused that the owed wages offset the fees for their trainings on Plaintiff as they have charged to every other employee. However, Defendants has never mentioned the training fees to Plaintiff, neither had Plaintiff ever agreed to pay such training fees.

43. Throughout Plaintiff's employment with Defendants, Plaintiff Guan was not overtime-exempt under federal and state laws.

44. Throughout Plaintiff's employment with Defendants, Defendants did not pay Plaintiff any overtime premiums for her hours worked over forty each week.

45. In addition, Guan was not paid "spread of hours premiums" when her workdays exceeded ten hours.

46. Defendants did not provide Guan a written wage notice, in Chinese (the primary language identified by Plaintiff) when she was hired, including but not limited to information about her rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designed by Defendants.

47. Defendants did not provide Plaintiff Guan with a correct wage statement with every wage payment.

**STATEMENT OF CLAIMS**

**COUNT I**
**[Violations of the Fair Labor Standards Act—Minimum Wage**

8

**Brought on behalf of the Plaintiff and the FLSA Collective]**

48. Plaintiff and the collective re-allege and incorporate by reference by all preceding paragraphs as though fully set forth herein.

49. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the prod production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

50. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

51. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

52. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

53. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

54. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Pay
### Brought on behalf of Plaintiff]

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

58. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

59. Defendants knowingly and willfully violated Plaintiff's and Collective Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

60. Plaintiff and the collective re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

61. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

62. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

63. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

64. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

65. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

66. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

67. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

### COUNT IV
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff]

68. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for

liquidated damages equal to the total of such under-payments found to be due the employee.

70. Defendants' failure to pay Plaintiff and the New York Class their overtime premiums violated the NYLL.

71. Defendants' failure to pay Plaintiff the New York Class were not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread-of-Hour Pay]

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. The NYLL and supporting regulations require employers to pay employees whose workday begins and ends more than 10 hours apart an extra hour of pay, known as the spread-of-hour rate. An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage for any day in which the "spread of hours" exceeds 10 hours or there is a "split shift", which includes all time working, time off for meals, and any off-duty time during or between shifts.12 N.Y.C.R.R. §142-2.4.

74. Pursuant to the New York Wage Theft Prevention Act (hereinafter "NYWTPA"), an employer who fails to pay proper the spread of hours compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such underpayments found to be due the employee.

75. Defendants' failure to give Plaintiff the spread-of-hours compensation, for days Plaintiff worked more than ten hours, violated the NYCRR §142-2.4.

76. Defendants have acted willfully and have either known that their conduct violated the NYLL and NYCRR or have shown a reckless disregard for the matter of whether their conduct violated the NYLL and NYCRR. Defendants have not acted in good faith with respect to the conduct alleged herein.

### COUNT VI
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on Behalf of Plaintiff]

77. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

79. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

80. Defendants not only did not provide notice to each employee at Time of Hire but also failed to provide notice to Plaintiff thereafter.

81. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT VII
### [Violation of New York Labor Law—New York Paystub Requirement Brought on Behalf of Plaintiff]

13

82. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. At all times relevant to this action, Plaintiff was employed by some or all of the Defendants within the meaning of NYLL § 2 and 651.

84. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

85. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not provide the paystub on or after each Plaintiff's payday.

86. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VIII
### [Violation of New York Labor Law—Failure to Timely Pay Wages]

87. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88. Defendant at issue are employers within the meaning of 12 N.Y.C.R.R. §§ 190 and 651(5) and supporting New York Statement Department of Labor Regulations and employed Plaintiff.

89. Plaintiff is a manual worker within the meaning of 12 N.Y.C.R.R. § 190 (4).

90. Pursuant to the NYLL, an employer shall pay its employees who are manual workers weekly and not later than seven calendar days after the end of the week in which the wages are earned. 12 N.Y.C.R.R. § 191 (1)(a)(i).

91. Here, Plaintiff spent more than 25% of her working hours performing physical labor, Plaintiff is a manual worker within the meaning of 12 N.Y.C.R.R. § 190 (4).

92. Defendants willfully failed to pay Plaintiff weekly or not later than seven calendar days after the end of the week in which the wages were earned.

93. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, the liquidated damages, and attorneys' fees and costs for this action, including interest. 12 N.Y.C.R.R. § 198 (1-a). Vega v. CM Assoc. Constr. Mgt., LLC, 175 A.D. 3d 1144 (1st Dep't 2019).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself, and the FLSA Collective Plaintiffs, respectfully request that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual

Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) Award Plaintiff unpaid wages and unpaid overtime due under the FLSA and the New York Labor Law;

g) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the NYLL;

h) An award of damages for Defendants' failure to provide wage statements as required under the NYLL;

i) An award of damages for Defendants' failure timely pay plaintiff as required under the NYLL;

j) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages pursuant to 29 U.S.C. §216 and NYLL;

k) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL;

l) The cost and disbursements of this action;

m) An award of prejudgment and post-judgment fees; and

n) Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.

| | | |
|---|---|---|
| Dated: | March 29, 2022 | Respectfully Submitted, |
| Flushing, | New York | HANG & ASSOCIATES, PLLC |

*/s/ Yuezhu Liu*
Yuezhu Liu, Esq.
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: yliu@hanglaw.com
*Attorney for Plaintiff*