**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Liling Guan, individually and on behalf of all
other employees similarly situated,

          Plaintiffs,

          vs.

Lash Princess 56 Inc. d/b/a Lash Princess 56 d/b/a
Lash Princess, Oscar Lin, and Qinyu Liu a/k/a
Ula Liu,

          Defendants.

Civil Action No.: 1:22-cv-02552-KPF

**PLAINTIFF'S CROSS MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO AMEND COMPLAINT AND IN OPPOSITION TO
DEFENDANTS' 12(B)(6) MOTION TO DISMISS**

Ziyi Gao, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Ste 10G
Flushing, NY 11354

# TABLE OF CONTENTS

PRELIMINARY STATEMENT........................................................................................................iii

PROCEDURAL HISTORY............................................................................................................2

ARGUMENT ................................................................................................................................2

    I.    PLAINTIFF'S LEAVE TO FILE SECOND AMENDED COMPLAINT SHOULD BE
GRANTED ..................................................................................................................................2

        A.    Plaintiff Has a Meritorious Claim Against Lash Princess 57 Inc. D/B/A Lash Moment Studio
D/B/A Lash Princess Because It Is a Substantial Continuity of Lash Princess 56 Inc. D/B/A Lash
Princess 56 D/B/A Lash Princess.............................................................................................3

        B.    Plaintiff Has Good Cause to Seek Amend Complaint and Will Not Cause Undue Prejudice to
Defendants ...............................................................................................................................6

    II.    DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
SHOULD BE DENIED IN ITS ENTIRETY ................................................................................8

        A.    Plaintiff Has Adequately Alleged That Defendants Are Employers Under The FLSA...............9

        B.    Plaintiff has adequately alleged that she was the employee of the Defendants .........................12

        C.    Plaintiff sufficiently pleaded that she was not compensated for any worked overtime .............15

        D.    Plaintiff's NYLL claims should not be dismissed because plaintiff pleaded sufficient facts to
support her FLSA claims and NYLL claims.............................................................................17

CONCLUSION...........................................................................................................................17

# TABLE OF AUTHORITIES

## Cases

*Archie v. Grand Cent. P'shp*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998) ........................................ 14

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) ................................................ 15

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .......................................................................... 11, 19

*Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008) ........................ 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .............................................. 11, 12, 15, 19

*Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003) .............................................. 12

*Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) ................................................... 16

*Cazares v. 2898 Bagel & Bakery Corp.*, No. 18 Civ. 5953 (AJN), 2020 U.S. Dist. LEXIS 95605,
   2020 WL 2832766, at *4 (S.D.N.Y. May 31, 2020) ................................................................. 14

*Chen v. Gypsophila Nail & Spa Inc.*, No. 15-CV-2520 (JPO), 2015 US Dist LEXIS 70970, at *6
   (SDNY June 2, 2015) .......................................................................................................... 13, 14

*Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 453-54 (S.D.N.Y. 2014) ........................... 15

*Clougher v. Home Depot U.S.A., Inc.*, 696 F. Supp. 2d 285, 289 (E.D.N.Y. 2010) .................... 20

*De Ping Song v. 47 Old Country, Inc.*, 975 F. Supp. 2d 288, 294 (E.D.N.Y. 2013) ..................... 7

*Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, No. 12 Civ. 4856 (PKC), 2015 U.S. Dist.
   LEXIS 24441, 2015 WL 861756, at *11 (E.D.N.Y. Feb. 27, 2015)........................................ 14

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ................................................................................... 6

*Guity v. Uniondale Union Free Sch. Dist.*, No. 12-cv-1482, 2014 U.S. Dist. LEXIS 25504, 2014
   WL 795576, at *7 (E.D.N.Y. Feb. 27, 2014) ......................................................................... 10

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) .......................................... 15

*Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987).......................... 6

*Ji Li v. New Ichiro Sushi, Inc.*, No. 14-CV-10242, 2020 U.S. Dist. LEXIS 77668, 2020 WL
   2094095, at *4 (S.D.N.Y. Apr. 30, 2020) ................................................................................ 8

*Jia Hu Qian v. Siew Foong Hui*, No. 11 Civ. 5584 (CM), 2012 U.S. Dist. LEXIS 75181, 2012
   WL 1948820, at *1 (S.D.N.Y. May 30, 2012) ....................................................................... 13

*Klecher v. Metropolitan Life Ins. Co.*, 331 F. Supp. 2d 279, 283 (S.D.N.Y. 2004) ..................... 6

*LaFaro v. New York Cardiothoracic Grp.*, PLLC, 570 F.3d 471, 457 (2d Cir. 2009) ................ 12

*Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F3d 106, 114 (2d Cir 2013) ................ 19

*Miotto v. Yonkers Pub. Sch.*, 534 F. Supp. 2d 422, 425 (S.D.N.Y. 2008) ................................... 12

*Ouedraogo v. A-1 Int'l Courier Serv.*, No. 12-cv-5651, 2013 U.S. Dist. LEXIS 96091 at *17
   (S.D.N.Y. July 8, 2013).......................................................................................................... 11

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).................................. 6, 10

*Patino v. Brady Parking, Inc.*, No. 11-CV-3080, 2017 U.S. Dist. LEXIS 189218, 2017 WL
   5198192, at *9 (S.D.N.Y. Oct. 31, 2017)................................................................................. 7

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46. F.3d 230, 234 (2d. Cir. 1995) ............................ 5

*Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003)......... 10

*Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) ............................. 11

*State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)...................... 11

*Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 297 (E.D.N.Y. 2012).
   ............................................................................................................................................ 16

*Xue Ming Wang v. Abumi Sushi Inc.*, 262 F. Supp. 3d 81, 89 (S.D.N.Y. 2017)............................. 7

*Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71-72 (2d Cir.2003) ................................. 16

**Statutes**

29 U.S.C. § 203(d) ....................................................................................................... 15

29 U.S.C. § 203(s)(1)(A) .............................................................................................. 13

29 U.S.C. § 203(s)(1)(A)(i) .......................................................................................... 14

29 U.S.C. § 207(a)(1) ............................................................................................. 19, 20

29 U.S.C. §§ 203(e)(1) .................................................................................................. 17

29 U.S.C. §§ 206(a) ................................................................................................ 12, 15

29 U.S.C. §§ 207(a)(1) .................................................................................................. 12

Fed. R. Civ. P. 15 (a)(2) .......................................................................................... 5, 10

Fed. R. Civ. P. 15(a) ....................................................................................................... 5

Fed. R. Civ. P. 21 ............................................................................................................ 6

Federal Rule of Civil Procedure 16(b)..................................................................... 6, 10

Federal Rule of Civil Procedure 8(a)(2) ...................................................................... 19

Rule 12(b)(6) of the Federal Rules of Civil Procedure ........................................... 11, 12

**Rules**

N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2...................................................... 20

## PRELIMINARY STATEMENT

Plaintiff Liling Guan (hereinafter "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, respectfully submits this cross-memorandum of law in support of her Motion to Amend the Complaint to add allegations against Lash Princess 57 Inc. d/b/a Lash Moment Studio d/b/a Lash Princess ("Lash Moment Studio"), and to further plea additional facts to support Plaintiff's allegations that Lash Moment Studio is substantial continuity of Corporate Defendant Lash Princess 56 Inc. d/b/a Lash Princess 56 d/b/a Lash Princess ("Lash Princess").

The Court should grant Plaintiff's motion to amend Complaint in its entirety because Plaintiff had good cause to seek amend Complaint. Plaintiff was not aware of the fact that Lash Princess located in Manhattan 56th Street was permanently closed until after she filed the First Amended Complaint. Thereafter, she conducted diligent research and found that Defendants opened a new store, Lash Moment Studio, one block away from the old Lash Princess address in Manhattan, and the Lash Moment Studio is substantial continuity of the Lash Princess. Since the discovery phase has not yet started, Plaintiff seeks to amend Complaint will not cause undue burden to Defendants.

The Court should deny Defendants' motion to dismiss in its entirety because Plaintiff has adequately pleaded that Defendants were her employers, she was Defendants' employee, and she was not properly compensated for any worked overtime under both the FLSA and NYLL. Plaintiff adequately pleaded that Defendants are employer under FLSA because they satisfied "enterprise coverage" test. Plaintiff also sufficiently pleaded that she was the employee of the Defendants because she has adequately pleaded that the Defendants satisfy the "economic reality" test. Defendants' contention that Plaintiff lack of license and thus cannot be the employee is not only

1

irrelevant but also plainly incorrect. Moreover, Plaintiff has adequately pleaded that she was not properly compensate hours she worked overtime because she provided her work schedule and total hours worked in detail. Since Plaintiff has successfully pleaded claims under the FLSA, she also successfully pleaded claims under the NYLL because FLSA and NYLL use the same or similar standards.

## PROCEDURAL HISTORY

On April 4, 2022, Plaintiff Liling Guan filed her Complaint. *See* Docket Entry No. 5. On June 7, 2022, Lash Princess 56 Inc. d/b/a Lash Princess 56 d/b/a Lash Princess, Oscar Lin, and Qinyu Liu a/k/a Ula Liu (collectively "Defendants") filed their first Motion to Dismiss Plaintiff's Complaint. *See* Docket Entry No. 11-13. On June 29, 2022, Plaintiff filed her First Amended Complaint (hereinafter "FAC"). *See* Docket Entry No. 21. On August 15, 2022, Defendants filed their second Motion to Dismiss Plaintiff's First Amended Complaint. *See* Docket Entry No. 25-26.

## ARGUMENT

### I.    PLAINTIFF'S LEAVE TO FILE SECOND AMENDED COMPLAINT SHOULD BE GRANTED

Fed. R. Civ. P. 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party. *See* Fed. R. Civ. P. 15. This rule specifies that leave to amend a complaint shall be freely given "when justice so requires." Fed. R. Civ. P. 15 (a)(2); *see also Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46. F.3d 230, 234 (2d. Cir. 1995) (granting leave to amend four years after original complaint); *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). The mandate to give leave freely "is to be heeded." *Foman v. Davis*, 371

U.S. 178, 182 (1962). The Supreme Court has noted that refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." *Id*. The court further noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. *Id*. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id*.

Motions to add new parties are governed by Rule 21, which permits such joinder at any stage of the litigation upon such terms as are just. Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."); *see also Klecher v. Metropolitan Life Ins. Co.*, 331 F. Supp. 2d 279, 283 (S.D.N.Y. 2004). A court's decision to permit joinder "is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Id*. Where the Court has set a deadline for the amendment of pleadings and the deadline has passed motions to amend are also governed by Federal Rule of Civil Procedure 16(b). *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Accordingly, a party seeking leave to file an amended pleading after the set deadline must establish good cause, which depends on the diligence of the moving party. *Id*.

Here, the Court should leave the Plaintiff to amend her Complaint to add the new Corporate Defendant Lash Princess 57 Inc. d/b/a Lash Moment Studio d/b/a Lash Princess based on substantial continuity test.

   **A. Plaintiff Has a Meritorious Claim Against Lash Princess 57 Inc. D/B/A Lash Moment Studio D/B/A Lash Princess Because It Is a Substantial Continuity of Lash Princess 56 Inc. D/B/A Lash Princess 56 D/B/A Lash Princess**

Lash Princess 57 Inc. D/B/A Lash Moment Studio D/B/A Lash Princess is a substantial continuity of Lash Princess 56 Inc. D/B/A Lash Princess 56 D/B/A Lash Princess because the two stores in Manhattan are only one block away, used the same name, same employees, same supervisory personnel, and provided the same services.

The substantial continuity test calls for considering nine factors: "(1) whether the successor company had notice of the charge, (2) the ability of the predecessor to provide relief, (3) whether there has been a substantial continuity of business operations, (4) whether the new employer uses the same plant, (5) whether he uses the same or substantially the same work force, (6) whether he uses the same or substantially the same supervisory personnel, (7) whether the same jobs exist under substantially the same working conditions, (8) whether he uses the same machinery, equipment and methods of production and (9) whether he produces the same product." *De Ping Song v. 47 Old Country, Inc.*, 975 F. Supp. 2d 288, 294 (E.D.N.Y. 2013).

Indeed, the weight of authority in this Court supports applying the substantial continuity test. *See Patino v. Brady Parking, Inc.*, No. 11-CV-3080, 2017 U.S. Dist. LEXIS 189218, 2017 WL 5198192, at *9 (S.D.N.Y. Oct. 31, 2017) ("While the Second Circuit has not delineated what the proper test for successor liability should be in the FLSA context, courts in this district, in deference to the FLSA's broad remedial purposes, have generally applied a broader test than that which would be applicable under New York law.") (referring to the substantial continuity test) (citation and quotation marks omitted); *Xue Ming Wang v. Abumi Sushi Inc.*, 262 F. Supp. 3d 81, 89 (S.D.N.Y. 2017) ("[T]he weight of authority appears to support application of the substantial continuity doctrine to FLSA claims."); *Ji Li v. New Ichiro Sushi, Inc.*, No. 14-CV-10242, 2020 U.S. Dist. LEXIS 77668, 2020 WL 2094095, at *4 (S.D.N.Y. Apr. 30, 2020) (applying substantial continuity test to FLSA actions).

Here, Lash Princess 57 Inc. D/B/A Lash Moment Studio D/B/A Lash Princess is a substantial continuity of Lash Princess 56 Inc. D/B/A Lash Princess 56 D/B/A Lash Princess. First, the old "Lash Princess" store located at 162 W 56th St., FL #201, New York, NY 10019 was permanently closed. However, the same Defendants opened a new store as "Lash Moment Studio" located one block away from "Lash Princess" at 57 West 57th Street, Suite1203, New York, Ny, United States, 10019. *See* public inquiry of Lash Princess 57 Inc. attached hereto as Exhibit A. The same Defendants opened the new store, and thus the same supervisory personnel exist. The old "Lash Princess" website provided that

"WE MOVED!

NEW NAME

**LASH MOMENT STUDIO**

NEW PLACE

57W 57TH ST, SUITE 1203, NEW YORK, NY, 10019" (emphasis added)

*See* "Lash Princess" website attached hereto as Exhibit B. This also indicate that the "Lash Moment Studio" is merely a substantial continuity of "Lash Princess." Further, on the "Lash Moment Studio" website, it still uses name "Lash Princess." *See* "Lash Moment Studio" website attached hereto as Exhibit C ("Based in New York, Lash Princes provides the best eyelash extensions."). The "Lash Moment Studio" website also indicates that the two stores provide the same service to customers, which is eyelash extensions. *See* Exhibit C. Moreover, on "Lash Moment Studio" website's "Choose a Location" page, it includes three locations: the one located at 56th Street in Manhattan (permanently closed), the one located at 57th Street in Manhattan, and the one located at 36-20 Union Street in Flushing. *See* "Lash Moment Studio" website's "Choose a Location" page attached

hereto as Exhibit D. Also, on Groupon, Defendants use the store name "Lash Princess 56 Inc;" however, the address of the store reflected on the Groupon website is the Lash Moment Studio's address, 57 West 57th Street, Suite 1203, New York. *See* Groupon page attached hereto as Exhibit E.

All of the facts stated above indicate that the Lash Princess 57 Inc. D/B/A Lash Moment Studio D/B/A Lash Princess is a substantial continuity of Lash Princess 56 Inc. D/B/A Lash Princess 56 D/B/A Lash Princess. The same Defendants opened the two stores, therefore the Lash Moment Studio had notice of the charge and substantially the same supervisory personnel exist. Thus, the first and sixth prong favors Plaintiff. The Lash Princess located 56th Street was permanently closed; therefore, the predecessor Lash Princess is not capable of providing relief. Thus, the second prong favors Plaintiff. The Lash Princess's website specifically pointed out the Lash Moment Studio is merely a name and location change but nothing more; the Lash Moment Studio's website still uses the name "Lash Princess;" the new store's website contains three locations including the Lash Princess's location. The two stores both provide the eyelash extension services to customers. Thus, there has been a substantial continuity of business operations and the third, seventh, eighth, and ninth prong favors Plaintiff.

Therefore, the Court should find that Lash Princess 57 Inc. D/B/A Lash Moment Studio D/B/A Lash Princess is a substantial continuity of Lash Princess 56 Inc. D/B/A Lash Princess 56 D/B/A Lash Princess.

### B. Plaintiff Has Good Cause to Seek Amend Complaint and Will Not Cause Undue Prejudice to Defendants

Plaintiff has a good cause to amend her Complaint because she did not learn the new store Lash Moment Studio's existence until after the filing of the First Amended Complaint.

The standard for amending a complaint is generally quite lenient, as the Court is instructed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But once the Court has entered a scheduling order pursuant to Rule 16(b), a party may only amend a motion, thereby altering the scheduling order, "for good cause." Fed. R. Civ. P. 16(b)(1). A showing of good cause "depends on the diligence of the moving party," *Parker*, 204 F.3d at 340, and requires a showing that "the deadlines [could not[be reasonably met despite [the party's] diligence," *Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003). A proposed amendment that is "devoid of any allegations or explanations of newly discovered facts" pertaining to the proposed amendment does not meet the standard required to show diligence. *Guity v. Uniondale Union Free Sch. Dist.*, No. 12-cv-1482, 2014 U.S. Dist. LEXIS 25504, 2014 WL 795576, at *7 (E.D.N.Y. Feb. 27, 2014).

Here, Plaintiff has good cause to seek amend Complaint because she did not learn the Defendants' Lash Moment Studio was open until the early August. Plaintiff filed her First Amended Complaint on June 29, 2022, per the Court's Order on June 16, 2022. ECF No. 16, 21. However, Plaintiff was not aware that the Lash Princess in Manhattan was permanently closed until early August. Thereafter, Plaintiff diligently searched whether Defendants have other stores opened and learned that Defendants opened a new store named "Lash Moment Studio" one block away from the permanently closed Lash Princess. After conducting diligent research, Plaintiff found that the new Lash Moment Studio is a substantial continuity of Lash Princess and seeks to amend the Complaint. Therefore, since Plaintiff was not aware of the new store's existence after she filed her First Amended Complaint, and she diligently searched for the connection between the two stores after she learned such fact, Plaintiff has showed good cause to seek amend Complaint and did so in good faith.

Even where the movant has demonstrated good cause, a court may deny a movant's motion to amend if the amendment would cause undue prejudice to the non-movant. *See State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Here, there is no undue prejudice to Defendants by the proposed amendment. Court tends to find amendment prejudicial only after discovery has closed. *See Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014). Where discovery is still ongoing, even when substantial time has passed, courts do not find amendment prejudicial. *See Ouedraogo v. A-1 Int'l Courier Serv.*, No. 12-cv-5651, 2013 U.S. Dist. LEXIS 96091 at *17 (S.D.N.Y. July 8, 2013) (finding no prejudice where, although the case was pending for some time, the action was still in the discovery phase). Discovery has not yet closed in this case and no discovery deadline has yet been set.

Here, the discovery has not yet started, and the lawsuit is only in the initial stage. Therefore, the amended Complaint will not cause undue burden to the Defendants.

## II.    DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD BE DENIED IN ITS ENTIRETY

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). In reviewing a motion to dismiss pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See LaFaro v. New York Cardiothoracic Grp.*, PLLC, 570 F.3d 471, 457 (2d Cir. 2009). In deciding such a motion, the court may consider "(1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated… by reference; (3) matters of which judicial notice may be taken; and (4) documents upon whose terms and effect the complaint relies heavily on, i.e., documents that are 'integral' to the complaint." *Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003) (internal citation omitted); *see also Miotto v. Yonkers Pub. Sch.*, 534 F. Supp. 2d 422, 425 (S.D.N.Y. 2008) ("[I]n assessing the legal sufficiency of a claim, the court may consider only the facts alleged in the complaint, and any document attached as an exhibit to the complaint or incorporated in it by reference.").

Here, Plaintiff has plead sufficient facts to demonstrate that Defendants are Plaintiff's employers under the FLSA and NYLL, and that she was not properly compensated for any worked overtime.

### A. Plaintiff Has Adequately Alleged That Defendants Are Employers Under The FLSA

The FLSA's minimum wage and overtime requirements provide coverage to employees who "in any workweek [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1). "Thus, an employer is subject to both the minimum wage and overtime provisions of the FLSA if either (1) [its] employees are 'engaged in commerce' or (2) the employer is an 'enterprise engaged in commerce.'" *Jia Hu Qian v. Siew Foong Hui*, No. 11 Civ. 5584 (CM), 2012 U.S. Dist. LEXIS 75181, 2012 WL 1948820, at *1 (S.D.N.Y. May 30,

2012). "These two distinct types of coverage are termed 'individual coverage' and 'enterprise coverage,' respectively." *Id*.

"Enterprise engaged in commerce or in the production of goods for commerce," for purposes of enterprise coverage, includes any enterprise that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A).

If the complaint sufficiently pleads FLSA enterprise coverage, it is unnecessary for the court to reach the question of individual coverage. *Chen v. Gypsophila Nail & Spa Inc.*, No. 15-CV-2520 (JPO), 2015 US Dist LEXIS 70970, at *6 (SDNY June 2, 2015).

Here, Plaintiff has successfully pleaded enterprise coverage. Defendants alleges in their motion to dismiss that the Plaintiff failed to sufficiently plead that the Defendants are qualified as "employers" under the FLSA. But this argument is unavailing. In the First Amended Complaint("FAC"), Plaintiff alleges that "upon information and belief, Lash Princess is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Dollars ($500,000) per year. FAC ¶12. Plaintiff also alleges that "upon information and belief, Lash Princess has about 4 to 7 employees." FAC ¶ 11. Furthermore, Defendants' business was open at least six days. FAC ¶ 37, 39. As the Court must draw inferences in favor of the Plaintiff at this stage, the Court should find that Plaintiff pleads sufficient basis at the pleading stage to support this prong of the enterprise coverage test. *See Chen v. Gypsophila Nail & Spa Inc.*, No. 15-CV-2520 (JPO), 2015 US Dist LEXIS 70970, at *5-6 (SDNY June 2, 2015) (holding that the plaintiff provided sufficient basis at

the pleading stage to support the "annual gross volume of sales made or business done" of "not less than $500,000" prong test).

As to the second prong, whether Defendants' enterprise "has employees engaged in commerce" or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," 29 U.S.C. § 203(s)(1)(A)(i), the Court has held that even "local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce." *Archie v. Grand Cent. P'shp*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998) (Sotomayor, J.); *see also, e.g., Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, No. 12 Civ. 4856 (PKC), 2015 U.S. Dist. LEXIS 24441, 2015 WL 861756, at *11 (E.D.N.Y. Feb. 27, 2015) ("Enterprise coverage applies so long as some of the employees wear uniforms or use items such as radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce." (internal quotation marks omitted)). In the FAC, Plaintiff alleges that she was hired by Defendants to "do lash extensions for customers." FAC ¶8, 36. It is logical for the Court to infer that Plaintiff would need to use Defendants' tools or machines that "have moved or been produced in interstate commerce" to perform her job. Therefore, the Court should also find that Plaintiff successfully pleaded the second prong of the enterprise coverage test. *See Cazares v. 2898 Bagel & Bakery Corp.*, No. 18 Civ. 5953 (AJN), 2020 U.S. Dist. LEXIS 95605, 2020 WL 2832766, at *4 (S.D.N.Y. May 31, 2020) (holding that plaintiffs established that their work involved interstate activities where they alleged they used goods on a daily basis that were produced outside New York). In addition, the fact that these allegations are made "upon information and belief" does not render them implausible. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (holding that "*Twombly* plausibility standard . . . does not prevent a

plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant" (internal quotations marks and citation omitted)).

To establish a claim under the FLSA for minimum wage or overtime compensation, a plaintiff must show that he or she is an "employee" of the defendant within the meaning of the FLSA and that the defendant is an "enterprise engaged in commerce." *See* 29 U.S.C. §§ 206(a), 207(a); *see Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 453-54 (S.D.N.Y. 2014). Since the Plaintiff sufficiently pleaded the two prongs of the enterprise coverage test, the Court should find that the Corporate Defendant "is an enterprise engaged in commerce."

### B. Plaintiff has adequately alleged that she was the employee of the Defendants

Plaintiff also sufficiently pleaded that she is the employee of the Defendants. The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To determine whether an employer-employee relationship exists within the meaning of the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citation omitted). "Under the 'economic reality' test, the relevant factors include 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Id*. (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)); *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 297 (E.D.N.Y. 2012). Even if a putative employer does not exercise "formal control" over a worker, the court must assess whether the entity nevertheless

exercised "functional control" over the worker. *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008). In doing so, the court considers

> (1) whether the alleged employer's premises and equipment were used for the Plaintiffs' work; (2) whether Plaintiffs shifted from one putative joint employer's premises to that of another; (3) the extent to which the work performed by Plaintiffs was integral to the overall business operation; (4) whether Plaintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents supervised Plaintiffs' work, and (6) whether Plaintiffs worked exclusively or predominantly for one Defendant.

*Wolman*, 853 F. Supp. 2d at 297. Notably, "no one factor is dispositive, and a court is 'free to consider any other factors it deems relevant to its assessment of the economic realities.'" *Id*. (quoting *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71-72 (2d Cir.2003)).

Here, Plaintiff alleges that Individual Defendants Lin and Liu satisfies the formal control test as they (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Specifically, Plaintiff alleges that Defendant Oscar Lin "determined the wages and compensation of the employees of Defendants, including Plaintiff, maintained employee records, and had the authority to hire and fire employees." FAC ¶19. Plaintiff also alleges that Defendant Qinyu Liu "had the authority to hire and fire employees; Qinyu Liu initially contacted the Plaintiff, conducted interview, and hired the Plaintiff. Qinyu Liu is also responsible for training employees." FAC ¶20.

Plaintiff's allegations also satisfy the functional test. Plaintiff alleges that "Oscar Lin and Qinyu Liu participated in day-to-day management of Lash Princess in both Manhattan location and Flushing location. Defendants would ask their employees to work at Lash Princess's Flushing location from time to time." FAC ¶21. Further, "[f]or two days of her employment with the Defendants, one in the start of May, and one on August 26, 2021, Plaintiff Guan was asked by the

Defendants to work at Lash Princess's Flushing location," which is also the Defendants' premises. FAC ¶36, 38, 40. Thus, the first and second prong of the functional test favor Plaintiff. There is at least two occasions where Plaintiff was asked by Defendants to shift from one premise to another, and the Plaintiff "did lash extensions for customers" and "had the same work schedule as in Manhattan location." FAC ¶36, 38, 40. Since Plaintiff had the same job duties and time schedules wherever she worked, either in Manhattan or Flushing location, the third, fourth, and sixth prong also favor Plaintiff. Since the Defendants arranged the Plaintiff's work location and work schedule, and Defendants participated in day-to-day management of Lash Princess in both Manhattan location and Flushing location," the fifth prong also favors Plaintiff.

Therefore, since the Plaintiff plead sufficient facts to show that she was an employee of the Defendants under both the formal and functional test, the Court should find that Plaintiff is an employee of the Defendants.

Defendants argue that the Court should consider the public record in ruling on a Rule 12(b)(6) motion and since "there is no records found for Plaintiff Liling Guan as an esthetic or cosmetic license holder," the Plaintiff failed to adequately plead that she is an employee under the FLSA. Defendants' Memo. of Law at *6. However, such argument is without merit. Under the FLSA, an "employee" is "any individual employed by an employer"; it defines "employ" as "to suffer or permit to work." 29 U.S.C. §§ 203(e)(1), 203(g). The Second Circuit has adopted the "economic realities" test, *inter alia*, to determine whether an individual is an employee for FLSA purposes. Whether Plaintiff has a license or any kind of permit to practice work for Defendants is irrelevant to the issue that whether Plaintiff actually performed work for the Defendants. As stated above, since the Plaintiff's allegations met both the formal test and the functional test, Plaintiff sufficiently pleaded that she was an employee of the Defendants under the FLSA.

14

Further, Defendants attached public record that Plaintiff Liling Guan was not a cosmetic license holder is meritless because Defendants searched the wrong website. On the Division of Licensing Services of New York Department of State, the website specifically provided that "[t]o search for Appearance Enhancement Licensees (Cosmetology, Nail Specialty, Esthetics, Natural Hair Styling, Waxing and Businesses) and Barber Operator and Business Licenses, you must go to the ***License Center*** and select Search for a Licensee." *See* the Division of Licensing Services of New York Department of State website attached as Exhibit F with highlight. Once click the ***License Center*** link and search for the licensee Liling Guan, it shows that Plaintiff Liling Guan is a "cosmetology" license holder. *See* License Center search attached as Exhibit G. Therefore, Defendants' argument that Plaintiff is not a license holder and thus cannot be the employee of the Defendants is not only meritless but also plainly wrong.

Hence, Plaintiff sufficiently pleaded that she was an employee of the Defendants under the FLSA.

### C. Plaintiff sufficiently pleaded that she was not compensated for any worked overtime

Defendants' argument that Plaintiff's overtime claim is "exceedingly vague" is also meritless because Plaintiff has pleaded sufficient facts regarding her working hours. Defendants' Memo. of Law at *7.

Section 207(a)(1) of FLSA requires that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated for that excess work "at a rate not less than one and one-half times the regular rate at which he is employed" (i.e., time and a half). 29 U.S.C. § 207(a)(1). So, to survive a motion to dismiss, Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek

longer than 40 hours. Under Federal Rule of Civil Procedure 8(a)(2), a "plausible" claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citation omitted)). The Second Circuit concluded that in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours. *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F3d 106, 114 (2d Cir 2013); *see* 29 U.S.C. § 207(a)(1) (requiring that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated time and a half for the excess hours).

Here, Plaintiff specifically listed out her work schedule in detail: from April 29, 2021, to May 31, 2021, she worked five days a week with either Monday and Tuesday off or Tuesday and Wednesday off, she worked from 10:30 am to 8:00 pm, or if busy, until 8:30 pm or 8:40 pm, without uninterrupted lunch break. She would work forty-seven-and-half to fifty hours per week. FAC ¶37. From June 1, 2021, to September 10, 2021, she worked six days a week with Sunday off. She worked from 10:30 am to 8:00 pm, or if busy, until 8:30 pm or 8:40 pm, without uninterrupted lunch break. She would work fifty-seven hours to sixty hours per week. FAC ¶39. Plaintiff also specifically alleges that "[t]hroughout Plaintiff's employment with Defendants, Defendants did not pay Plaintiff any overtime premiums for her hours worked over forty each week." FAC ¶48. From such specific allegations, the Court could draw reasonable inferences that the Defendants are liable for the misconduct alleged. Thus, Plaintiff alleges sufficient facts to state a plausible claim that she worked compensable overtime in a workweek longer than 40 hours.

**D.   Plaintiff's NYLL claims should not be dismissed because plaintiff pleaded sufficient facts to support her FLSA claims and NYLL claims**

Since the FLSA and NYLL have the same standard for minimum wage and overtime claims, Plaintiff also sufficiently pleaded such claims under the NYLL. Pursuant to both the FLSA and NYLL, "employees working more than forty hours per week [must] be compensated for overtime work at a rate of one-and-a-half times their standard rate." *Clougher v. Home Depot U.S.A., Inc.*, 696 F. Supp. 2d 285, 289 (E.D.N.Y. 2010); *see* 29 U.S.C. § 207(a)(1) (setting forth this standard); N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2 (adopting the FLSA's provisions and exemptions).

As Plaintiff alleged, *inter alia*, Plaintiff has made plausible claims under the FLSA, the Court should also find that Plaintiff sufficiently pleaded NYLL claims. Also, the Court should exercise the supplemental jurisdiction over the Plaintiff's NYLL claims because Plaintiff's FLSA Claims are plausible and sufficiently pleaded.

## CONCLUSION

For all the foregoing reasons, Plaintiff asks that Defendants' motion to dismiss be denied in its entirety, and that the motion for leave to file an amended complaint be granted, and for all other relief this Court may deem just and proper.

Dated: September 12, 2022
Flushing, NY 11354

Hang & Associates, PLLC

By:_ *s/ Ziyi Gao*_____
Ziyi Gao, Esq.
136-20 38th Ave. Suite 10G
Flushing, New York 11354
Tel: (718) 353-8588
Email: zgao@hanglaw.com
*Attorneys for Plaintiff*

17